UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

THOMAS A. CARELLA                                    05-10525 B

           Debtor

---

           Penney, Maier & Wallach
           Mark S. Wallach, Esq., of counsel
           169 Delaware Avenue
           Buffalo, New York 14202
           Attorneys for Trustee

           LoTempio & Brown, PC
           Frank L. LoTempio Jr., Esq., of counsel
           Mary L. Slisz, Esq., of counsel
           One Franklin Court
           181 Franklin Street
           Buffalo, New York 14202
           Attorneys for Thomas A. Carella

           John P. Pieri, Esq.
           Cornell Mansion
           484 Delaware Avenue
           Buffalo, New York 14202
           Attorney for Thomas J. Carella

Bucki, U.S.B.J.

    In this chapter 7 proceeding, the case trustee seeks a turnover of one-half of the funds that were on deposit in a joint bank account under the names of the debtor and his father. In response, the father contends that he established the account in joint name for purposes of convenience only, and that he should be deemed to hold exclusive ownership of the funds on deposit.

    Thomas A. Carella filed a petition for relief under chapter 7 of the Bankruptcy Code on January 25, 2005. On that date, HSBC Bank USA held the sum of $16,540.94 on deposit in a joint bank account in the names of the debtor and of his father, Thomas J. Carella. The debtor claimed an exemption for this entire amount, but in response to the trustee's objection, this court

limited that claim to the otherwise unused portion of the debtor's exemption for cash in the amount of $2,500.  *See* New York Debtor and Creditor Law § 283(2) (McKinney 2001).  Asserting rights to one-half of the joint account, the trustee then moved for an order directing the debtor to turn over the non-exempt component of those funds.  The debtor and his father responded that the son's name was placed on the account for reasons of convenience only, and that true ownership remains with the father.

I do not need to recite the procedural history of the present dispute.  Rather, it suffices to note that this matter was duly presented for consideration at a hearing with participation by the respective counsel for the trustee, the debtor, and the debtor's father.  The court has heard oral argument and has allowed to both sides an opportunity to present post-hearing memoranda.  All parties accept the application of the law of New York, in as much as the funds were deposited at a branch within that state.

New York Banking Law § 675(b) states that in the absence of fraud or undue influence, the making of a deposit into a joint bank account shall constitute "prima facie evidence . . . of the intention of both depositors or shareholders to create a joint tenancy and to vest title to such deposit or shares, and additions and accruals thereon, in such survivor." Thus, the statute creates a presumption of joint ownership.  That presumption, however, is rebuttable.  Although the burden of proof falls upon the party who contests joint ownership, a challenger may overcome the presumption through "direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only." *Matter of Coddington*, 56 A.D.2d 697, 698 (3rd Dept. 1977); *accord*, *Kolodziejczyk v. Wing*, 261 A.D.2d 927 (4th Dept. 1999);

*Viggiano v. Viggiano*, 136 A.D.2d 630 (2nd Dept. 1988); *Phelps v. Kramer*, 102 A.D.2d 908 (3rd Dept. 1984); *Brezinski v. Brezinski*, 94 A.D.2d 969 (4th Dept. 1983); *Radano v. Blum*, 89 A.D.2d 858 (2nd Dept. 1982).

In the present instance, the debtor's father had maintained an account in his own name at HSBC Bank USA for many years.  In April of 2004, however, the father learned that he would soon undergo heart bypass surgery.  In anticipation of that event, the debtor and his father went together to the bank, where the father transferred his funds into a joint account providing rights of survivorship.  Father and son testified that the senior Mr. Carella funded the entire account, nearly all of which represented either the father's monthly Social Security benefits or proceeds from a sale of the father's home.  To the Internal Revenue Service, the bank continued to report interest as income of the father.  The son stated that even after the change of account designation, he always understood that the funds belonged to his father.  The son never attempted either to withdraw or to deposit funds into the account, and at the time of trial, he could not recall the account balance.

The debtor is an only child.  At the trial, the father represented that he feared death as a consequence of his cardiac surgery, and that a purpose for changing the account was to assure an orderly transfer of assets upon death.  The father stated that he intended to retain control of the account, and that he gave instructions that the son was to access the funds only upon the father's direction.  Fortunately, after an extended rehabilitation, the father recovered.  Even during the period of recuperation, the father continued to manage his financial affairs, and arranged to leave his nursing home to handle any necessary banking transactions.

The debtor and his father contend that the facts show an intent for the father to retain control of the account, and that this control indicates a retention of ownership by the father. In contrast, the trustee views the father's exercise of control as evidence that he opened the joint account for reasons other than convenience. Instead, the trustee argues that the account served as a testamentary substitute and that its creation established a gift *causa mortis*. If treated as a gift, the debtor's moiety would arguably become an asset of the bankruptcy estate.

A joint account may fulfill the requirement of "convenience" in many different ways. Some depositors may seek the convenience of a second party to handle transactions, or the convenience of a "stand-by" arrangement in the event of an unforeseen calamity. But other depositors may also seek the convenience of a testamentary declaration without the formality of a will execution. In all instances, the key issue is whether a party truly intends to transfer ownership, or merely seeks a short-hand method to accomplish some other legitimate purpose. Here, the father intended to retain an account that he wished to earmark for a testamentary disposition to his son. Perhaps he might more effectively have accomplished this purpose through use of a will or trust. Nonetheless, through clear and convincing evidence of control, the father has demonstrated that he created the joint account for his own convenience and without any transfer of ownership. Thus, in my view, he has overcome the presumption of joint ownership.

My decision essentially follows the precedent of *Wacikowski v. Wacikowski*, 93 A.D.2d 885 (2nd Dept. 1983). In that case, a mother had deposited her funds into an account opened jointly in her name and in the name of her son. As in the present instance, the evidence showed that the

mother had exercised exclusive control over the account and that the son had never made any deposits or withdrawals. Based on this proof, the Appellate Division held that the mother had successfully rebutted the presumption of a joint tenancy under Banking Law § 675. Further, the court noted that "[i]n many cases involving joint bank accounts, a donor depositor like plaintiff will intend to transfer to her donee, in this case her son, only the right of survivorship, without necessarily transferring a present beneficial interest in the funds in the account." *Id.* at 885. Similarly, the senior Mr. Carella will retain ownership of the joint account, despite its use in the present instance to serve as a testamentary substitute.

The trustee argues that in most bankruptcy cases, the estate has no allies with knowledge of the facts and circumstances as they existed pre-petition. Indeed, for this reason, the trustee must rely upon the presumption of joint tenancy. But here, where the clear and convincing weight of evidence shows that the joint designation fulfills a need of convenience, true ownership remains in the party who provided the source of funds.

For the reasons stated herein, this court will deny the trustee's motion for a turnover of bank deposits in the joint names of Thomas A. Carella and his father, Thomas J. Carella.

So ordered.

Dated:     Buffalo, New York                           /s/ CARL L. BUCKI
           April 14, 2006                                    U.S.B.J.